FILED'09 APR 17 12:22 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.

**MAP YAT,**

        Defendant.

05-CR-424-BR
(08-CV-70024-BR)

OPINION AND ORDER

**KARIN J. IMMERGUT**
United States Attorney
**GARY Y. SUSSMAN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1000

        Attorneys for Plaintiff

1 - OPINION AND ORDER

**RANKIN JOHNSON**
714 S.W. 20th Place
Portland, OR 97205
(503) 274-4394

Attorney for Defendant

**BROWN, Judge.**

This matter comes before the Court on Defendant Map Yat's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (#51). For the reasons that follow, the Court **DENIES** Defendant's Motion.

## BACKGROUND

On October 19, 2005, a federal grand jury indicted Defendant Map Yat with one count of Bank Robbery in violation of 18 U.S.C. § 2113(a). On February 7, 2007, Defendant pled guilty to Bank Robbery.

On September 7, 2007, the Court sentenced Defendant to a term of 33 months imprisonment followed by three years of supervised release. On September 10, 2007, the Court entered a Judgment. Defendant did not file an appeal.

On September 5, 2008, Defendant filed a Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 on the grounds that (1) the Court sentenced Defendant based on a misunderstanding of the likely immigration consequences of his conviction and (2) Defendant received ineffective assistance of counsel when his

2 - OPINION AND ORDER

attorney failed to provide the Court with "comparative information regarding the sentences of other similarly situated bank robbers."

On November 19, 2008, the government filed a Response in which it contends (1) Defendant procedurally defaulted his claims of factual error at sentencing because he did not raise that claim on appeal, (2) the Court was not mistaken as to the potential immigration consequences of Defendant's conviction, and (3) defense counsel was not ineffective for failing to provide the Court with comparative information.

On December 1, 2008, Defendant filed a Reply in which he asserts his claims were not procedurally defaulted because there is an issue of fact as to whether the Court was mistaken as to the potential immigration consequences of Defendant's conviction and he received ineffective assistance of counsel when his attorney failed to provide the Court with "comparative information regarding the sentences of other similarly situated bank robbers."

On that same day, Defendant filed a Motion to Amend Petition in which he sought to amend his Petition to allege a claim for ineffective assistance of counsel based on trial counsel's failure to file an appeal.

On February 2, 2009, the Court entered an Order granting Defendant's Motion to Amend Petition.

3 - OPINION AND ORDER

On February 11, 2009, Defendant filed a Supplemental Memorandum in Support of his Motion to Vacate in which he continues to assert that he did not procedurally default his claims based on the Court's alleged factual misunderstandings and that he received ineffective assistance of counsel when trial counsel failed to file an appeal because she did not know any basis on which to appeal.

On February 19, 2009, the government filed a Supplemental Response to Defendant's Motion to Vacate in which it asserts defense counsel was not ineffective for failing to file a notice of appeal.

On April 2, 2009, the Court held a hearing in which it advised the parties that it is not and was not mistaken at the time of sentencing as to the consequences of Defendant's conviction on his deportation status. The Court also advised the parties that the Court was not mistaken at the time of sentencing as to the Court's authority to sentence Defendant to any term that the Court determined was reasonable. Accordingly, the Court noted its sentencing decisions were not based on any factual errors as alleged and, therefore, do not constitute a basis for relief under § 2255. The Court further confirmed that even if Defendant was presently before the Court for sentencing, the Court would exercise its sentencing discretion to impose the same term notwithstanding the arguments that Defendant now makes. In

4 - OPINION AND ORDER

light of these facts, it is clear Defendant cannot establish any prejudice as required under *Strickland v. Washington* because the Court would not have made a different decision or imposed a different sentence.

Thereafter, on April 13, 2009, Defendant filed a notice informing the Court that he did not object to the Court addressing in its written Opinion and Order only the "prejudice" prong of the *Stickland* analysis consistent with the facts found and the rulings made by the Court at the April 2, 2009, hearing.

## DISCUSSION

The Supreme Court has established a two-part test to determine whether a defendant has received constitutionally deficient assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 678, 687 (1984). Under this test, a defendant must not only prove counsel's assistance was deficient, but also that the deficient performance prejudiced the defense. *Id.* See also *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir.), *cert. denied*, 513 U.S. 1001 (1994); *Campbell v. Wood*, 18 F.3d 662, 673 (9th Cir.) (en banc), *cert. denied*, 511 U.S. 119 (1994); *Mak v. Blodgett*, 970 F.2d 614, 618 (9th Cir. 1992), *cert. denied*, 507 U.S. 951 (1993).

"To prove deficiency of performance, the defendant must show counsel made errors so serious that performance fell below an

5 - OPINION AND ORDER

about the extent of the Court's sentencing discretion, Defendant has not established "but for counsel's unprofessional errors, the result of the proceeding would have been different." Thus, if the Court were to sentence Defendant today, it would not alter Defendant's sentence, and, therefore, Defendant has not established the prejudice required by *Strickland*.

Because Defendant has not shown counsel's performance prejudiced Defendant, the Court denies Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (#51).

IT IS SO ORDERED.

DATED this 17th day of April, 2009.

*[signature]*

ANNA J. BROWN
United States District Judge

7 - OPINION AND ORDER